JiBROWN, Judge.
Pro se litigant Milton Mosby appeals from a judgment ordering his eviction for nonpayment of rent. We affirm.

Facts and Procedural Background

On September 20, 1996, Mosby rented a residence at 314-A Roland Street in Haynes-ville, Louisiana, from plaintiff, J.J. Weiland. The parties executed a lease which required a monthly rent of $300. Mosby paid a damage deposit of $150 and rent for the ten remaining days of September. No further rental payments were made.
Weiland served Mosby with notices to vacate on November 20 and December 29,1996. Thereafter, on March 12, 1997, Weiland filed a rule to show cause why Mosby should not be evicted. Mosby answered, asserting exceptions of no cause of action, lack of jurisdiction and improper citation and service. *1286 After one continuance was granted at Mos-by’s request, a hearing was held on April 7, 1997. The trial court ordered Mosby’s eviction. It is from this judgment that Mosby has suspensively appealed.

Discussion

Mosby first asserts that the trial court erred in overruling his exceptions of no cause of action and lack of jurisdiction. The trial court, in overruling Mosby’s procedural exceptions, referred to the pleadings, which clearly stated a cause of action and jurisdiction. This assignment of error has no merit.
Mosby next urges that the trial court erred in ordering his eviction for non-payment of rent.
La.C.C. art. 2712(A) provides that a lessee may be expelled from the leased premises if he fails to pay the rent when it becomes due. In the instant ease, Mosby contends that the lease provides that $295 of the monthly rent is to be paid Rby HUD and that he is only responsible for the remaining $5 per month. The record, however, reflects that Weiland learned after the lease’s execution that Mos-by misrepresented that he had secured a HUD voucher. Weiland was paid nothing by HUD and Mosby paid only the deposit and the rent due for September 1996. The lease agreement provided that the total monthly rent was $300 regardless of the amount paid (or not paid) by HUD.
La.C.C. art. 2712 provides:
(A). The lessee may be expelled from the property if he fails to pay the rent when it becomes due.
(B). For purposes of this Article, the application for or the receipt of entitlements or funds, under any federal or state rent subsidy program or rent subsidy assistance, shall not be considered payment of rent and shall not be a defense to an action to evict the lessee.
Furthermore, notwithstanding Mosby’s assertion to the contrary, the record does not evidence Mosby’s payment of even the $5 amount.
Our review of the record reflects that Wei-land correctly followed the eviction procedures set forth in La.C.C.P. arts. 4701 and 4731, et seq. We find no error in the trial court’s judgment ordering Mosby’s eviction.
We do find, however, that the trial court erroneously granted Mosby a suspen-sive appeal.
On April 7, 1997, the date that the judgment of eviction was signed by the trial court, Mosby filed a motion for suspensive appeal and requested that the appeal bond be waived because of his poverty. On this same date, the trial court granted the sus-pensive appeal and waived the appeal bond because of Mosby’s pauper status.
La.C.C.P. art. 4735 states:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense | «entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
La.C.C.P. art. 5185(A) provides that when an order of the court permits a party to litigate without payment of costs, he is entitled to a devolutive appeal or to apply for supervisory writs. Subsection (B) of art. 5185 states that a party is not entitled to a suspensive appeal unless he furnishes the necessary security. In this case, the trial court improperly allowed Mosby a suspensive appeal without requiring the posting of bond.[1] The effect of this improper appeal is that Mosby has lived in the premises without making any rental payments.

Conclusion

For the reasons set forth above, the trial court’s judgment is AFFIRMED.
*1287 APPLICATION FOR REHEARING'
Before MARVIN, C.J., and HIGHTOWER, BROWN, STEWART and GASKINS, JJ.
Rehearing denied.

. Had Weiland filed a timely motion to dismiss, however, the suspensive aspect of this appeal would have been dismissed and the appeal would have been maintained as devolutive.